

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2009

# Li v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1598

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Li v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1487.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1487

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1598

_____

YOU GUANG LI,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
Agency No. A98-712-893
Immigration Judge: Daniel Meisner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2009
Before:  SLOVITER, STAPLETON and COWEN,  Circuit Judges

(Opinion filed: April 23, 2009)

_____

OPINION

_____

PER CURIAM

Petitioner You Guang Li, a native and citizen of China, arrived in the United

States through Mexico on November 30, 2004 without being inspected, admitted or

paroled.  He is thus removable under Immigration and Nationality Act ("INA") §

212(a)(6)(A)(i), 8 U.S.C. § 1182 (a)(6)(A)(i).  Li applied for asylum under INA § 208(a),

8 U.S.C. § 1158(a), withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and for protection under the Convention Against Torture, 8 C.F.R. §§ 1208.16(c), 1208.18, claiming that he had been persecuted by the Chinese government on account of his practice of the outlawed Falun Gong religion or spiritual movement.[1] The asylum application included a personal statement.

At his merits hearing, Li testified that he started practicing Falun Gong in April of 2003. He was introduced to it by a friend, Zhi Hong Zhu, and he was interested in it because he thought it might improve his poor health. Li and his friend practiced in a scenic area on a hill in the Gu Shan district at 5 a.m., three or four times a week until September of 2004. On September 6, 2004, three police officers came to Li's restaurant, told him that practicing Falun Gong was illegal, and arrested him. He was taken to the police station and interrogated with respect to others who might be practicing the outlawed Falun Gong. He was struck in the head twice with an open hand because he told police that no one practiced with him. The officers laughed at him when he asked for food; they said that someone practicing Falun Gong should be powerful enough not to have to eat. After 24 hours, Li was released when his parents found someone to bring 5,000 RMB to post bail. Li was told to report to the police station once a week.

Following his release, Li reported only once to the police, and on that occasion he

---

[1] Falun Gong is a spiritual movement that blends aspects of Taoism, Buddhism, and the meditative techniques and physical exercises of qigong – a traditional Chinese exercise discipline – with the teachings of its founder. See generally Lin v. Att'y Gen. of U.S., 543 F.3d 114, 117 n.3 (3d Cir. 2008).

was questioned briefly and released. Then, fearing for his safety, he went to stay with his maternal uncle, Shu Chuan Li, who lived approximately three or four hours away by car. He stayed there for three or four months until he left China in November. During that time, the police came to Li's home on numerous occasions to ask his parents about his whereabouts. Since departing China, the police have paid visits to his parents and have told them that, if he ever returned, he would be arrested.

Since Li's arrival in the United States, he has practiced Falun Gong several times a week in his dormitory. Li related that he practiced the five sets of Falun Gong, one by one. He described to the Immigration Judge the names of the five sets, their meaning, and the number of movements in each set. He further related the principles of Falun Gong, and he added that Falun Gong had been founded by Hongzhi Li, who had fled to the United States. Li asserted that he would continue to practice Falun Gong if he returned to China.

Following the hearing, the IJ found that Li had failed to meet his burden of establishing either a well-founded fear of future persecution due to his practice of Falun Gong, or past persecution on the basis of it. Accordingly, Li's applications were denied. The IJ found that Li was not credible on the basis of inconsistencies between his application and testimony, and, even if his claims were to be believed, his proof of persecution was insufficient. In his asylum application, Li stated that he left China on October 14, 2004, but this was not consistent with his testimony that he remained at his

3

uncle's house for three or four months before leaving China in November 2004. When confronted with the inconsistency, Li responded that, in actuality, he stayed with his uncle for two months, and left China in November of 2004. In addition, Li submitted no affidavits or declarations from persons to support his claim that he practiced Falun Gong in China, or here in the United States.[2] For example, he had no statement from either of his parents who had been instrumental in obtaining his release. He submitted no background information from the U.S. State Department or non-governmental agencies. But, the IJ concluded, even assuming a favorable credibility determination, Li's proof was insufficient to show past persecution. He was arrested one time and released after 24 hours. He was struck twice during his interrogation, but he testified that he was not injured. Importantly, the police made no attempt to locate him at his uncle's home even though he was under an obligation to report on a weekly basis. The IJ also found that Li was not tortured in the past, and there was no indication from his evidence that he would be tortured if he returned to China.

Li appealed, but, on January 31, 2008, the Board of Immigration Appeals affirmed, citing Matter of Burbano, 20 I. & N. Dec. 872 (BIA 1994). Without addressing the IJ's adverse credibility finding, the Board concluded that "even if credible," Li's circumstances did not demonstrate either past persecution or a well-founded fear of future

_____

[2] It appears from the administrative record that removal proceedings were transferred from Texas to New York City because Li went to live with his aunt, a resident of Corona, New York.

persecution, quoting parenthetically the definition of persecution from <u>Fatin v.</u>

<u>Immigration & Naturalization Serv.</u>, 12 F.3d 1233 (3d Cir. 1993). The Board identified

these circumstances: Li was detained in 2004 because of his practice of Falun Gong, he

was slapped twice and denied food and water, and he was released without further harm.

The Board also concluded that there was no support in the record for Li's torture claim,

thus making him ineligible for CAT protection. Li now seeks review of the Board's

decision.

We have jurisdiction to review a final order of removal under 8 U.S.C. §

1252(a)(1), (b)(1). To the extent the Board deferred to the IJ's reasoning in part, we

review the Board's decision but consider the IJ's as well as a matter of logic. <u>See</u>

<u>Abdulrahman v. Ashcroft</u>, 330 F.3d 587, 591 (3d Cir. 2003). Under INA § 208(b), the

Attorney General has the discretion to grant asylum to "refugees." 8 U.S.C. § 1158(b);

<u>see</u> <u>also</u> <u>Immigration & Naturalization Serv. v. Cardoza-Fonseca</u>, 480 U.S. 421, 428 n.5

(1987). Section 101(a)(42)(A) of the INA defines a "refugee" as a person unable to

return to her country of "nationality . . . because of persecution or a well-founded fear of

persecution on account of race, religion, nationality, membership in a particular social

group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A).

The alien bears the burden of proof of establishing that he is a refugee and that he

has suffered past persecution or has a well-founded fear of persecution. <u>See</u> 8 C.F.R. §

1208.13(a); <u>Gao v. Ashcroft</u>, 299 F.3d 266, 272 (3d Cir. 2002). Persecution has a well-

established meaning; it includes threats to life or freedom but it does not include treatment that fairly may be regarded as unfair or unjust, or even unlawful. Fatin, 12 F.3d at 1240. If past persecution is established, then the asylum applicant is presumed to have a well-founded fear of persecution. See 8 C.F.R. § 1208.13(b)(1); Shardar v. U.S. Attorney Gen., 503 F.3d 308, 312 (3d Cir. 2007). To establish entitlement to withholding of removal under section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3), the alien must demonstrate a "clear probability" of persecution through the presentation of evidence that it is more likely than not that he would be subject to persecution if deported. See Mulanga v. Ashcroft, 349 F.3d 123, 132 (3d Cir. 2003).

The agency's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). See also Immigration & Naturalization Serv. v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Under this deferential standard, the petitioner must establish that the evidence does not just support a contrary conclusion but compels it. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002).

Li has failed to show that the Board's conclusion that he failed to demonstrate past persecution is not supported by reasonable, substantial and probative evidence on the record considered as a whole. Elias-Zacarias, 502 U.S. at 481. The record evidence supports the finding that his arrest, detention, interrogation, and the requirement that he report on a weekly basis did not rise to the level of persecution. The evidence Li

submitted shows that he was arrested by local police and held for about 24 hours after he had started to do Falun Gong exercises. While detained he was denied food and water, and while interrogated he was slapped twice on the back of his head with an open hand and laughed at, but he suffered no injury. He was released and ordered to report weekly to the police, which he did once when he was briefly questioned and again released. He went to his uncle's home, where he stayed for several months, during which time police made no attempt to locate him. After arriving in the United States, police visited his parents to inquire as to his whereabouts, and, even though his family provided no information to the police, they suffered no mistreatment or harm. None of these circumstances rise to the level of persecution. See, e.g., Kibinda v. Att'y Gen. of U.S., 477 F.3d 113, 119-20 (3d Cir. 2007) (five-day detention resulting in minor injury did not amount to persecution); Fatin, 12 F.3d at 1240.

If the alien cannot show past persecution, he may still establish a well-founded fear of future persecution by demonstrating a subjective fear of persecution, and that a reasonable person in the alien's circumstances would fear persecution if returned to the country in question, Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003). However, Li also failed to show that the Board's conclusion that he failed to demonstrate a well-founded fear of future persecution is not supported by reasonable, substantial and probative evidence. Li failed to provide specific and detailed testimony which would establish both a subjective and an objective fear of future persecution. The only evidence

Li presented was his own testimony that he currently practices Falun Gong and he would continue to do so in China. Even if he had submitted a State Department Country Report indicating that some Falun Gong followers have been subject to severe treatment by Chinese authorities, Li provided no reason to believe either that every follower of Falun Gong is persecuted or that he would be targeted specifically for such treatment. On the contrary, his testimony that he was not pursued by the police while he lived with his maternal uncle undercuts any such assertion. See Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005) (discussing individualized risk of persecution). Furthermore, Li did not assert a pattern or practice of persecution.

Since the asylum standard is a more lenient standard, an alien's failure to establish eligibility for asylum forecloses eligibility for withholding of removal. Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003). The Board also correctly determined that Li's CAT claim is without merit because he did not demonstrate that it was more likely than not that he would be tortured, 8 C.F.R. 1208.16(c)(2), in China.

For the foregoing reasons, we will deny the petition for review.